1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

9   ANTHONY ARTHUR BUSH,               )    Civil No. 01CV0142-J (NLS)
                                       )
10                                     )
            Petitioner,                )    **ORDER GRANTING**
11                                     )    **PETITIONER'S REQUEST FOR**
                                       )    **CERTIFICATE OF**
12     v.                              )    **APPEALABILITY**
                                       )
13                                     )
    CHERYL K. PLILER, Warden, ET AL.   )
14                                     )
                                       )
15          Respondents.               )
                                       )
16

17          Petitioner originally filed a petition for writ of habeas corpus with this Court pursuant to

18   28 U.S.C. § 2254 in January 2001.  [Doc. No. 1.]  Subsequently, in November 2002, the Court

19   issued an order denying the petition and granting a certificate of appealability.  [Doc. No. 32.]

20   On August 18, 2008, the Ninth Circuit issued a mandate reversing in part and affirming in part

21   this Court's order and remanding "so that the district court may hold a hearing to give the

22   prosecutor a chance to offer a race-neutral explanation and so that the district court may

23   determine whether the prosecutor violated *Batson*."  [Doc. No. 68.]  On December 1, 2008, the

24   Court held an evidentiary hearing to consider Petitioner's challenge under *Batson v. Kentucky*,

25   476 U.S. 79 (1986), and the Court subsequently denied the petition. [Doc. No. 90.]  Petitioner

26   now seeks a certificate of appealability pursuant to 28 U.S.C. § 2253 and Federal Rule of

27   Appellate Procedure 22(b). [Doc. No. 92.]  For the reasons set forth below, the Court **GRANTS**

28   Petitioner's Request for a Certificate of Appealability.

01cv142

1

*Legal Standard*

2      A state prisoner may not appeal the denial of a section 2254 habeas petition unless he

3  obtains a certificate of appealability from a district or circuit judge.  28 U.S.C. § 2253 (c)(1)(A);

4  *see also United States v. Asrar*, 116 F.3d 1268, 1269-70 (9th Cir. 1997) (holding that district

5  courts retain authority to issue certificates of appealability under AEDPA).  In deciding whether

6  to grant a certificate of appealability, a court must either indicate the specific issues supporting a

7  certificate or state reasons why a certificate is not warranted.  *See id.* at 1270.  A certificate of

8  appealability is authorized "if the applicant has made a substantial showing of the denial of a

9  constitutional right."  28 U.S.C. § 2253(c)(2).  To meet this standard, Petitioner must show that:

10  (1) the issues are debatable among jurists of reason; (2) a court could resolve the issues in a

11  different manner; or (3) the questions are adequate to deserve encouragement to proceed further.

12  *Lambright v. Stewart*, 220 F.3d 1022, 1024-25 (9th Cir. 2000) (*citing Slack v. McDaniel*, 529

13  U.S. 473 (2000)); *Barefoot v. Estelle*, 463 U.S. 880 (1983).  Petitioner does not have to show

14  "that he should prevail on the merits.  He has already failed in that endeavor."  *Lambright*, 220

15  F.3d at 1025 (citing *Barefoot*, 463 U.S. at 893 n.4).

16

*Discussion*

17      Petitioner asks the Court to grant him a certificate of appealability on two issues:  whether

18  the prosecutor offered a sufficient race-neutral reason for striking prospective juror Howard; and

19  whether the reasons given by the prosecutor were pretextual.

20      At the evidentiary hearing in this case, the prosecutor in Petitioner's criminal trial gave

21  several reasons for striking prospective juror Howard, but she also testified that, prior to reading

22  the voir dire transcript, she had no independent recollection of Mr. Howard or her reasons for

23  dismissing him from the juror pool.  (Evidentiary Hr'g Tr. at 27-28.)  Moreover, she agreed that

24  her "ideas about why [she] might have stricken Mr. Howard . . . are based not the particularities

25  of this case, but sort of on [her] general voir dire approach . . . during the dozens of felony cases

26  that [she] tried."  (*Id.* at 28.)   The Ninth Circuit has held that "where the state has *not* put

27  forward an actual reason, 'such a failure, or in this case an assertion of bad memory, is evidence

28  of discrimination.'"  *Paulino v. Harrison (Paulino II)*, 542 F.3d 692, 702 (9th Cir. 2008)  (citing

1  *Yee v. Duncan*, 463 F.3d 893, 900 (9th Cir. 2006).  In the same case, the Ninth Circuit declined

2  to decide whether a prosecutor's testimony about her "general principles of jury selection" could

3  satisfy the state's burden under *Batson*.  *Id.* at 701, 701 n.10.  As a result, reasonable jurists

4  could disagree about whether the prosecutor's testimony at the evidentiary hearing in this case

5  was sufficient.

6      In its most recent order denying Petitioner a writ of habeas corpus, the Court found that

7  the race-neutral reasons offered by the prosecutor at the evidentiary hearing–Mr. Howard's work

8  schedule, his exposure to publicity about the trial, and his knowledge of gangs–were not

9  pretextual.  Petitioner argues that, with respect to the first two reasons, Mr. Howard was not very

10  different from many other jurors who have a work schedule that is not nine-to-five or who could

11  "avoid publicity by closing a paper or turning a tv channel." In addition, the prosecutor

12  questioned Mr. Howard extensively about his knowledge of gangs but did not similarly question

13  a white juror who also likely had such knowledge.  Although the Court found that the different

14  treatment was justified given the record, reasonable jurists could disagree about whether the

15  reasons given by the prosecutor were pretextual.

16                                    *Conclusion*

17      Based on the foregoing, the Court **GRANTS** Petitioner's request for a certificate of

18  appealability on the issues of whether the prosecutor gave a sufficient race-neutral reason for

19  striking prospective juror Howard, and whether the reasons given by the prosecutor were

20  pretextual.

21      **IT IS SO ORDERED**.

22

23  DATED:  March 20, 2009

24  _____

    HON. NAPOLEON A. JONES, JR.

25  United States District Judge

26

27  cc:     Magistrate Judge Stormes
            All Counsel of Record

28

01cv142