UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ARTHUR BUSH,<br><br>                    Petitioner,<br><br>v.<br><br>CHERYL K PLILER,<br><br>                    Respondent. | Case No.:  01CV142 BEN (NLS)<br><br>**ORDER:**<br><br>**(1) DENYING RULE 60(b) MOTION FOR RELIEF FROM JUDGMENT, and**<br><br>**(2) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**<br><br>[Docket No. 103, 105, 107] |

On March 3, 2009, this Court[1] entered judgment denying Petitioner Anthony Arthur Bush's Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. (Docket Nos. 90-91.)  Petitioner brought a challenge under *Batson v. Kentucky*, 476 U.S. 79 (1986) based on the prosecutor exercising a preemptory challenge to excuse the sole remaining African American in the jury pool.  Petitioner appealed, and on February 16,

---

[1] The Court notes this case was previously assigned to the Honorable Napoleon A. Jones. It was assigned to the undersigned upon Petitioner's filing of the present motions.

1

2011, the Ninth Circuit Court of Appeals affirmed this Court's judgment. *Bush v. Pliler*, 413 Fed. Appx. 996 (9th Cir. February 16, 2011). On January 19, 2016, Petitioner filed the instant Motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6). (Docket No. 103.)

Petitioner seeks relief from judgment based on a change in the law — the Ninth Circuit's recent decision in *Shirley v. Yates*, 807 F.3d 1090 (9th Cir. 2015). Petitioner argues that had his Petition been considered under *Shirley*, he would have prevailed. The Court denies Petitioner's Rule 60(b) Motion because it is an unauthorized second or successive habeas petition over which this Court lacks jurisdiction.

## DISCUSSION

"Rule 60(b)(6), the provision under which [Petitioner] brought his motion, permits reopening for 'any . . . reason that justifies relief' other than the more specific reasons set out in Rule 60(b)(1)-(5)."[2] *Jones v. Ryan*, 733 F.3d 825, 833 (9th Cir. 2013) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)). Relief under Rule 60(b)(6) is only available when the petitioner shows "'extraordinary circumstances' justifying the

---

[2] There does not appear to be any basis for relief from judgment under any other provision of Rule 60(b) either. Rule 60(b) allows a court to relieve a party from a judgment for the following reasons:
    (1) mistake, inadvertence, surprise, or excusable neglect;
    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
    (4) the judgment is void;
    (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
    (6) any other reason that justifies relief.

2

reopening of a final judgment." *Id.* (quoting *Gonzalez*, 545 U.S. at 535).

Before considering the substance of the Motion, this Court must first determine whether Petitioner's Rule 60(b) motion is in effect a second or successive habeas petition. *Gonzalez*, 545 U.S. at 530-32. Second or successive habeas petitions are generally prohibited "unless the petitioner meets certain narrow requirements." *Jones*, 733 F.3d at 834 (citing 28 U.S.C. § 2244(b)). To avoid this high standard, "petitioners at times have characterized their second or successive habeas corpus petitions as Rule 60(b) motions." *Id.* Allowing a petitioner to do so would "impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar." *Gonzalez*, 545 U.S. at 532 (citing § 2244(b)(3)).

"[A] motion that does not attack 'the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably' raises a claim that takes it outside the bounds of Rule 60(b) and within the scope of [the Antiterrorism and Effective Death Penalty Act of 1996's] limitations on second or successive habeas corpus petitions." *Jones*, 733 F.3d at 834 (citing *Gonzalez*, 545 U.S. at 532 n.5). A motion contending "that a subsequent change in substantive law is a 'reason justifying relief,' from the previous denial of a claim, . . . although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly." *Gonzalez*, 545 U.S. at 531 (identifying the types of "claims" that might be presented in a Rule 60(b) motion, but would be subject to § 2244(b)). "[A] Rule 60(b) motion based on a purported change in the substantive law governing the claim could be used to circumvent § 2244(b)(2)(A)'s dictate that the only new law on which a successive petition may rely is 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'" *Id.* at 532.

Petitioner's reliance on *Phelps v. Alameida* is misplaced. Although the case addressed the availability of relief under Rule 60(b) when there had been changes in the

3

01CV142 BEN (NLS)

law or unsettled law became settled, the changes were on a non-merits issue — timeliness. *Phelps*, 569 F.3d at 1127-1129. As the Supreme Court has explained, a petitioner is not making a habeas claim "when he merely asserts that a previous ruling which *precluded a merits determination* was in error — for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Gonzalez*, 545 U.S. at 532 n.4 (emphasis added). When, as here, this Court and the Ninth Circuit have substantively resolved the merits of the Petition, Rule 60(b) relief is not available. *Id.* at 532 (finding a Rule 60(b) motion constitutes a second or successive habeas petition when it "attacks the federal court's previous resolution of a claim *on the merits*.").

Because Petitioner's Rule 60(b) motion is the equivalent of a second or successive petition, this Court lacks jurisdiction to consider the motion absent a certificate from the Ninth Circuit authorizing the filing of the petition. 28 U.S.C. § 2244(b)(3)(A); *see also Rishor v. Ferguson*, – F.3d –, 2016 WL 2610176, at *5 ("A petitioner's failure to seek such authorization from the appropriate appellate court before filing a second or successive habeas petition acts as a jurisdictional bar.").

## CONCLUSION

Petitioner's Rule 60(b) motion for relief from judgment is **DENIED** for the reasons set forth above. The denial is without prejudice to Petitioner filing a second or successive petition in this Court *if he obtains permission from the Ninth Circuit Court of Appeals*. The Court DENIES a certificate of appealability with respect to the denial of Petitioner's Rule 60(b) Motion. Petitioner's motions for appointment of counsel and for leave to proceed IFP are DENIED as moot.

**IT IS SO ORDERED.**

Dated: June 22, 2016

Hon. Roger T. Benitez
United States District Judge